UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
**GEORGE L. RUSSELL, III**
Chief United States District Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-4055

November 7, 2025

MEMORANDUM TO PARTIES RE:   DeBerry v. Fader et al
Civil Action No. GLR-25-3586

Dear Parties:

Pending before the Court is self-represented Plaintiff Shaunesi Y. DeBerry's Complaint (ECF No. 1). No hearing is necessary. (See Local Rule 105.6 (D.Md. 2025). For the reasons set forth below, the Court will dismiss the Complaint.

**Background**

This action arises out of "vexatious-litigant" orders that several state judicial officers in Maryland have allegedly imposed on self-represented Plaintiff Shaunesi Y. DeBerry. (Compl. at 2, ECF No. 1).[1] DeBerry challenges that these orders are "so sweeping that [she] is now barred from filing any paper of any kind in any Maryland court without advance judicial permission." (Id.). DeBerry seeks declaratory and injunctive relief to restore her access to the courts under the First and Fourteenth Amendments to the United States Constitution. (Id. at 3).

DeBerry filed her Complaint on October 31, 2025. (ECF No. 1). The four-count Complaint alleges: denial of access to courts under 42 U.S.C. § 1983 (Count I); violation of her procedural due process rights under 42 U.S.C. § 1983 (Count II); retaliation for protected petitioning activity under 42 U.S.C. § 1983 (Count III); and violation of the Equal Protection clause (Count IV). (Compl. at 11–13). On November 1, 2025, DeBerry filed a Notice of Related Cases and Notice of Potential Judicial Disqualification and Request for Clarification. (ECF Nos. 5, 6).

**Standard of Review**

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." Gunn v. Minton, 568 U.S. 251, 256 (2013) (citation modified). Courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006). Complaints drafted by self-represented plaintiffs are held to a less stringent standard than those drafted by attorneys, and courts must liberally construe these complaints. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Nevertheless, dismissal

---

[1] Citations to the record refer to the pagination assigned by the Court's Case Management/Electronic Case Files ("CM/ECF") system.

on a sua sponte basis is authorized where the asserted claims lack an arguable basis in law, or if the district court lacks subject matter jurisdiction over the matter. See Neitzke v. Williams, 490 U.S. 319, 327 n.6 (1989); Fed.R.Civ.P. 12(h)(3).

**Analysis**

    1.    **Notice of Potential Judicial Disqualification and Related Cases**

The Court first turns to DeBerry's Notice of Related Cases and Notice of Potential Judicial Disqualification and Request for Clarification. (ECF Nos. 5, 6). In the Notice of Potential Judicial Disqualification, DeBerry "does not allege bias," but draws the Court's attention to two different cases that "may reasonably create the appearance of a potential conflict under 28 U.S.C. § 455(a)." (Notice Potential Judicial Disqualification and Request Clarification ¶¶ 4–5, ECF No. 6). The first is United States v. Russell, No. 1:25-02029-TTC, 2025 WL 2452413 (D.Md. July 16, 2025) and the second is DeBerry v. Maryland Department of Public Safety & Correctional Services, et al., No. 1:25-01080-TDC (D.Md. 2025).

Under 28 U.S.C. § 455(a), all "judge[s] of the United States" have a general duty to "disqualify [themselves] in any proceeding in which [their] impartiality might reasonably be questioned." In turn, the following subsection, 28 U.S.C. § 455(b), offers a list of other situations requiring recusal, one of which is where a judge "is a party to the proceeding," or "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. §§ 455(b)(1)–(5).

Here, DeBerry does not allege bias, and no other conflict exists because DeBerry's amicus curae brief was denied, United States v. Russell, 2025 WL 2452413, at *1, and that case bears no relation to the instant matter. The second case also provides no reason for the Court to be unable to impartially decide the instant matter for the same reasons. With respect to the Notice of Related Cases, DeBerry does not seek to consolidate this matter with her other cases (Notice Related Cases at 2, ECF No. 5), and in any event, the ultimate dismissal of the instant case renders the Notice moot.

    2.    **Complaint**

Turning now to her Complaint, DeBerry seeks, amongst other things, for this Court to declare that the enforcement and application of a December 5, 2024 Order from the Supreme Court of Maryland and a March 20, 2025 Order from the Appellate Court of Maryland limiting her ability to file cases in Maryland state courts, as applied, violates her rights under the First and Fourteenth Amendments to the Constitution. (Compl. at 3). For the reasons set forth below, the Court will dismiss DeBerry's Complaint because this Court cannot reexamine or set aside the state court's judgment under the Rooker-Feldman doctrine.

The United States Supreme Court has exclusive jurisdiction over appeals from state-court judgments. See 28 U.S.C. § 1257(a); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923). As a corollary to this rule, the Rooker-Feldman doctrine prohibits a party losing in state court "from seeking what in substance would be an appellate review of the state judgment" in a United States district court,

"based on the losing party's claim that the state judgment itself violates the loser's federal rights." Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994). "The Rooker-Feldman doctrine bars lower federal courts from considering not only issues raised and decided in the state courts, but also issues that are 'inextricably intertwined' with the issues that were before the state court." Washington v. Wilmore, 407 F.3d 274, 279 (4th Cir. 2005) (quoting Feldman, 460 U.S. at 486). As the Fourth Circuit has explained, "if the state-court loser seeks redress in the federal district court for the injury caused by the state-court decision, his federal claim is, by definition, 'inextricably intertwined' with the state-court decision, and is therefore outside the jurisdiction of the federal district court." Davani v. Va. Dep't of Transp., 434 F.3d 712, 719 (4th Cir. 2006).

The Supreme Court has cautioned that Rooker-Feldman is a "narrow doctrine" which "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). Accordingly, under Exxon, the Court must examine "whether the state-court loser who files suit in federal district court seeks redress for an injury caused by the state-court decision itself. If he is not challenging the state-court decision, the Rooker-Feldman doctrine does not apply." Davani, 434 F.3d at 718 (footnote omitted); Moore v. Idealease of Wilmington, 465 F.Supp.2d 484, 490 (E.D.N.C. 2006).

Here, asking this Court to declare that the state-court orders limiting DeBerry's access to filing are unlawful is precisely the type of action that Rooker-Feldman prohibits. Courts faced with similar facts have reached the same conclusion. See, e.g., Kleidman v. Admin. Presiding Just. Elwood Lui, No. 2:25-CV-02718-PA-JDE, 2025 WL 1117432, at *3 (C.D.Cal. Apr. 14, 2025) ("The relief Plaintiff seeks—an order barring application of the vexatious litigant prefiling order, granting his prefiling application, and permitting him to file a notice of appeal in the superior court—constitutes a de facto appeal of the underlying state court vexatious litigant order."); Nunu v. Texas, No. 21-20446, 2022 WL 820744, at *1 (5th Cir. Mar. 17, 2022) ("[Appellant]'s demand that the district court 'declar[e] void' the Texas courts' vexatious-litigant orders . . . is an attempt at modification of state judgments via a collateral federal suit—precisely the type of action forbidden by the Rooker-Feldman doctrine.").

To avoid this result, DeBerry asserts that she does "not seek review, reversal, or modification of any specific state-court judgment. Rather, she challenges the continuing unconstitutional enforcement of those orders as a present and prospective violation of her rights to access the courts, due process, and equal protection under the First and Fourteenth Amendments to the United States Constitution." (Compl. at 3–4). The Court rejects that argument because DeBerry's "'right of access to the courts and due process' claim does not constitute a parallel federal suit [thereby avoiding Rooker-Feldman], but rather an attempt at a de facto appeal." Kleidman, 2025 WL 1117432, at *3. DeBerry does not advance any claims independent of those barred by Rooker-Feldman, and as a result, this Court lacks subject matter jurisdiction to reach the merits of her Complaint.

**Conclusion**

For the foregoing reasons, DeBerry's Complaint (ECF No. 1) is DISMISSED without prejudice and the Motion to Proceed in Forma Pauperis (ECF No. 3) is GRANTED. The Clerk shall CLOSE this case. Despite the informal nature of this memorandum, it shall constitute an Order of the Court, and the Clerk is directed to docket it accordingly. The Clerk shall mail a copy of this Order to DeBerry's address on record.

Entered this 7th day of November, 2025.

/s/
George L. Russell, III
Chief United States District Judge